IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TERRA PARTNERS, TERRA XXI, LTD, ROBERT WAYNE VEIGEL, ELLA MARIE WILLIAMS VEIGEL, VEIGEL FARMS, INC., VEIGEL CATTLE COMPANY, AND VEIGEL FARM PARTNERS | § § § § § § § | |
| Plaintiffs, | § § | CAUSE NO. 1:14-cv-01112-CG-KK |
| v. | § § | |
| AG ACCEPTANCE CORPORATION, | § § § | |
| Defendant. | § | |

## AG ACCEPTANCE CORPORATION'S MOTION TO TRANSFER VENUE

Defendant Ag Acceptance Corporation ("Ag Acceptance") files this motion to transfer venue, as authorized by 28 U.S.C. §1404(a).

Plaintiffs are subject to an injunction that requires them to submit all federal court filings to the Northern District of Texas, Amarillo Division *before filing* them in any other court for determination as to whether the issues presented have already been litigated in one of the many lawsuits between the parties. *See* Ex. A, "**Injunction**."[1]  Because of the procedure imposed by the Injunction and other considerations, venue is more practical and convenient in the Northern District of Texas where five prior cases between the parties have been litigated; therefore, this Court should transfer this case to Amarillo.

---

[1] *Terra Partners v. Rabo Agrifinance, Inc. and Ag Acceptance Corporation*, 504 F. App'x 288, 291 (5th Cir. 2012) *cert. denied sub nom. Veigel v. Rabo Agrifinance, Inc.*, 133 S. Ct. 2398 (2013)

### A. BACKGROUND: PRIOR LITIGATION BETWEEN THE PARTIES

Plaintiffs Terra Partners, Terra XXI, Ltd, Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners (collectively, the "**Veigels**" or the "**Plaintiffs**") are all Texas citizens. Defendant Ag Acceptance is a Delaware corporation with its principal place of business in Iowa.

In 1997 to 1998, Ag Acceptance's affiliate made a series of loans to the Veigels and their affiliated companies. Litigation began soon thereafter and has continued for nearly fifteen (15) years. The litigation started during the bankruptcy proceedings of Plaintiffs Terra XXI and Veigel Farm Partners ("**VFP**"), which were filed in 2000.[2] Bankruptcy plans for Terra XXI and VFP were confirmed in 2002.

In the bankruptcies, Terra XXI and VFP filed adversary proceedings asserting multiple lender liability claims against Ag Acceptance and its affiliate, Ag Services, Inc. (now known as Rabo Agrifinance, Inc.). Those lawsuits were settled in 2002 and closed in 2003.[3]

After the bankruptcies, the Veigels defaulted on their loans again. As a result, Plaintiff Terra XXI's land in Deaf Smith County, Texas, was foreclosed in 2003 – more than eleven years ago. *See* Plaintiffs' Petition ¶¶ 25-26. Ag Acceptance purchased the land at the foreclosure sale. The 2003 foreclosure and Ag Acceptance's purchase has spawned an unending avalanche of litigation, including at least four Texas state court lawsuits,[4] five federal

---

[2] Terra XXI's bankruptcy was Case 00-20858-saf11 and Veigel Farm Partners' bankruptcy was Case 00-20877-bjh11, both filed in the Bankruptcy Court for the Northern District of Texas in 2000.

[3] The adversary proceeding case numbers were Cases 01-02007-saf and 01-02019-saf in the Bankruptcy Court for the Northern District of Texas.

[4] The Texas State court suits were:
- *Terra XXI Ltd. v. AG Acceptance Corp.*, No. 07-07-0374-CV, 2009 WL 2168741, at *1 (Tex. App. July 21, 2009) (upholding jury verdict finding that foreclosure was not wrongful and numerous other summary judgment rulings);

lawsuits in the Northern District of Texas, Amarillo Division,[5] and one (seven-year-long) New Mexico state court lawsuit.[6]  Other than the *Friemel* case that was settled during trial, the Veigels have lost every lawsuit.

The present suit arises out of Ag Acceptance's 2012 sale of the same Deaf Smith County land.  It becomes the ***sixth federal lawsuit*** between the Veigels and their affiliates and Ag Acceptance and its affiliates.  All of the prior lawsuits were filed in the Northern District of Texas, Amarillo Division (Hon. Mary Lou Robinson) and appealed to the United States Court of Appeals for the Fifth Circuit.  *See* Citations in ftnt. 5.

---

- *Terra XXI, Ltd. v. AG Acceptance Corp.*, 280 S.W.3d 414 (Tex. Civ. App. – Amarillo 2008, pet. denied) (upholding rulings allowing eviction);
- Case No. CI-07C-024, *James Friemel, et al. v. Ac Acceptance Corporation, et al.*, In the 222nd District Court in and for Deaf Smith County, Texas (settled during trial); and
- Cause No. 2008-12460, *Ag Acceptance Corporation, et al. v. Terra XXI, Ltd., et al.*, in the Justice Court of Precinct One of Deaf Smith County, Texas (eviction proceeding on separate parcel).

[5] The prior federal suits were:
- "**First Lien Suit**," *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 257 Fed. Appx. 732, 2007 WL 4305378 (5th Cir., Dec. 7, 2007) (upholding a $3.9 million summary judgment against various Veigel entities based on failure to repay the First Lien Loans);
- "**Deficiency Suit**" or "**Second Lien Suit**," *Rabo Agrifinance, Inc. v. Veigel Farm Partners,* 328 Fed. Appx. 942, 2009 WL 1362826 (5th Cir., May 15, 2009) (District Court entered judgment for $1.35 million against various Veigel entities for the deficiency resulting after foreclosure of the Second Lien loans. On appeal, this Court rejected the "voidness" argument and found that the debt was specifically preserved in bankruptcy proceedings);
- "**Equipment Suit**," *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348 (5th Cir. 2009)(upholding security interests in equipment, permitting foreclosure on that equipment, and finding that Terra Partners' subrogation rights in the equipment could not be exercised until all of the Veigels' debts to Rabo Agrifinance and Ag Acceptance Corp. were satisfied);
- "**Partition Suit**," *Ag Acceptance Corporation v. Robert Wayne Veigel*, 564 F.3d 695 (5th Cir. 2009) (finding no homestead rights on certain property, upholding execution on that property, and finding that transfers of leases to Terra Partners were fraudulent); and
- "**Conversion Suit**" *Terra Partners v. Rabo Agrifinance, Inc. and Ag Acceptance Corporation*, 504 F. App'x 288, 291 (5th Cir. 2012) *cert. denied sub nom. Veigel v. Rabo Agrifinance, Inc.*, 133 S. Ct. 2398 (2013) (upholding district court summary judgments rulings finding, *inter alia*, there was no conversion of Terra Partners' property, that "Ag Acceptance's September 2, 2003 foreclosure was made pursuant to the second lien it was granted under Terra XXI's bankruptcy plan," that Robert Veigel made fraudulent transfers).

[6] The New Mexico state court lawsuit is *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 336 P.3d 972, *cert. denied* (Oct. 8, 2014) (affirming summary judgment allowing foreclosure to proceed based on Texas federal court judgment in the First Lien Suit).

### B. FIFTH CIRCUIT ISSUES INJUNCTION AGAINST FEDERAL FILINGS

During the appeal of the last federal suit (the Conversion Suit), Steve Veigel attempted to file an amicus brief alleging that all of the court rulings after the 2002 confirmation of the bankruptcy plans "are legal nullities that are void *ab initio* and can never serve to support *res judicata* or collateral estoppel in this case and appeal or any other." *See* Ex. B, Proposed Amicus Brief ("**Amicus Brief**").[7] The 75-page Amicus Brief argues over and over that prior rulings in state and federal court are wrong. *Id.* Having been subjected to a decade of relitigation of previously-decided issues, Ag Acceptance and Rabo Agrifinance moved for sanctions.[8]

By this time, the Fifth Circuit had seen enough to recognize what Ag Acceptance had known for years – the Veigels will continue to abuse the court system and argue that any decision against them is wrong or "void" or inapplicable. The Fifth Circuit sanctioned Steve Veigel monetarily and granted an injunction:

> *. . . enjoining future litigation by Steve Veigel, Robert Veigel, Ella Marie Veigel, and their affiliates or related entities, including Terra Partners.*
> . . .
> It is therefore ORDERED:
> No pleading, lawsuit, or other document in any federal court shall be filed by, or on behalf of, Steve Veigel, his affiliates or related entities, including Terra Partners, without first presenting the filing to the district court below to determine whether the issues contained in the filing have been previously decided.

Ex. A, Injunction at p. 289 and 291 (emphasis added).

Thus, before they can file any document in this Court, the Plaintiffs in this case must

---

[7] The Fifth Circuit refused to allow the filing of the Amicus brief, however, it is available on the docket of Case No. 11-11166 as an exhibit to Document 00511994085, Motion for Leave to File Extra-Length Amicus Curiae Brief, September 20, 2012.

[8] *Terra Partners v. Rabo Agrifinance, Inc., et al.*, Case No. 11-11166, Document 0051201480, Motion for Order to Show Cause Why Steve Veigel and Terra Partners Should Not be Sanctioned, Oct. 9, 2012.

first submit the document to the District Court in Amarillo so that it can determine whether the issues presented in the filing have been litigated before. Given that the Amarillo court must review all of the Veigels' pleadings before they can file them in this Court, it is much more practical to have this entire case heard in Amarillo. Because venue is more convenient in the Northern District of Texas, Amarillo Division; this Court should transfer the suit to that forum.

## C. GROUNDS FOR TRANSFER

A court may transfer a suit to any other district or division where it could have been brought for the convenience of the defendant and its witnesses and in the interest of justice. 28 U.S.C. §1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal citations omitted).[9] An individualized review of this case favors a transfer of venue to Amarillo.

First, the practical restrictions imposed by the Injunction all but mandate a transfer of venue. The Injunction is clear that the Veigels cannot file anything in this Court until the District Court in Amarillo reviews it.[10] It will be very impractical and inconvenient for the Veigels to submit a filing to Judge Robinson in Amarillo, allow Ag Acceptance to respond on

---

[9] Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical. *Chrysler Credit Corp.*, 928 F.2d at 1516 (internal citations omitted).

[10] The Veigels may argue that some of them are not subject to the Injunction, but the Fifth Circuit made it clear that it applies not only to Steve Veigel, but also to "Robert Veigel, Ella Marie Veigel, and their affiliates or related entities, including Terra Partners." Injunction, p. 2. There is no dispute that the current Plaintiffs not specifically named in the Injunction are "affiliates and related entities" of Steve, Robert, and Ella Marie Veigel.

the issues of relitigation, and wait for Judge Robinson's decision before a document can be filed in this Court.  Nearly every filing will be delayed and deadlines will be extended.  It makes much more sense to have the case in Amarillo in the first place.

Second, the Amarillo court is already very familiar with the issues in this case after years of litigation and adjudication of five prior cases.  The crux of this lawsuit is that the Veigels are entitled to credits based on Ag Acceptance's sale of the real property located in Deaf Smith County, Texas.  *See* Petition, ¶¶ 32-38.  The five prior cases in the Amarillo federal court all arose out of disputes over that very same property.

Third, the Amarillo court's familiarity with the issues will allow it to cut through issues of *res judicata* and collateral estoppel more efficiently.  This familiarity will be essential, especially because the present lawsuit calls into question the prior decisions in ***at least*** the First Lien Suit, the Deficiency Suit, and the Conversion Suit.  For example, the Veigels now argue that Ag Acceptance purchased the Deaf Smith County property at a foreclosure sale of a third lien instead of a second lien. Petition, ¶ 27.  This allegation directly conflicts with many other rulings where the Veigels' attempt to make similar arguments was rejected:

> More importantly, however, decisions by this Court and the Fifth Circuit have stated that the September 2, 2003 foreclosure was made pursuant to Ag Acceptance's second lien. *See Rabo Agrifinance, Inc. v. Terra XXI, Ltd.,* 583 F.3d 348 (5th Cir. 2009) ("In September 2003 ... Ag Acceptance foreclosed its second lien position in the 5,600 acres."); *Rabo Agrifinance, Inc. v. Veigel Farm Partners,* 2008 WL 341425, No. 2:05–CV–243, at *2 (N.D.Tex. Feb. 7, 2008) ("A foreclosure sale was held on September 2, 2003. AAC was the sole bidder, and foreclosed on ASA's second lien position for $20,000."); *Rabo Agrifinance, Inc. v. Terra XXI, Ltd. .,* No. 2:06–CV–153–J, 2007 WL 2446278, at * 1 (N.D.Tex. Aug. 29, 2007) ("Ag Acceptance Corporation foreclosed the second lien on the real property in Deaf Smith County.").
>
> ***The Court concludes that Ag Acceptance's September 2, 2003 foreclosure was made pursuant to the second lien it was granted under Terra XXI's bankruptcy plan.***

Summary Judgment Ruling in the Conversion Suit.[11]

Finally, granting the transfer to Amarillo imposes no inconvenience on any of the Plaintiffs. As their Petition shows, they are all citizens of Texas. Petition, ¶¶ 1-7. Their choice of a New Mexico state court forum should be given little weight because it is an obvious attempt to avoid the restrictions of the Injunction and the Texas courts that have consistently ruled against them. There will be few, if any non-party witnesses in this case; therefore, Texas is an even more appropriate forum because all of the Plaintiff-side witnesses reside in Texas, not in New Mexico.

For all of these reasons, the Court should grant the transfer of venue to Amarillo pursuant to 28 U.S.C. §1404(a).

WHEREFORE, Defendant Ag Acceptance requests that the Court transfer this case to the Northern District of Texas, Amarillo Division, pursuant to 28 U.S.C. §1404(a). Ag Acceptance requests all other relief to which it may be entitled.

---

[11] *Terra Partners v. Rabo Agrifinance, Inc.*, No. 2:08-CV-194-J, 2010 WL 3270225, at *11 (N.D. Tex. Aug. 18, 2010) *aff'd*, 504 F. App'x 288 (5th Cir. 2012) (emphasis added).

Dated:  December 18, 2014                    Respectfully submitted,

/s/ *Barbara Whiten Balliette*
Richard F. Rowley II
**ROWLEY LAW FIRM, L.L.C.**
P. O. Box 790
Clovis, New Mexico  88102-0790
T: 575-763-4457
F: 575-763-4450
r2@rowleylawfirm.com

Barbara Whiten Balliette
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy, C-300
Austin, Texas  78746
T:  512-647-6100
F:  512-647-6129
bballiette@rctlegal.com

*Counsel for Defendant Ag Acceptance Corporation*

CO-COUNSEL:

Clifford H. Walston
**WALSTON LAW FIRM, PC**
8713 Lanell Lane
Houston, Texas  77055
T:  713-299-0651
F:  281-888-7737
cliff@walstonlawfirm.com

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Plaintiffs, Justin Breen, regarding the proposed transfer to Amarillo.  Mr. Breen stated that he is opposed to the transfer.

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 18th day of December 2014, I electronically filed the foregoing document with the clerk of the court for the United States District Court, District of New Mexico, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. The following counsel have been served by Electronic Mail.

Jeffrey A. Dahl
Justin B. Breen
Keleher & McLeod, P.A.
Post Office Box AA
Albuquerque, New Mexico 87103
jad@keleher-law.com
jbb@keleher-law.com

*Counsel for Plaintiffs*

                /s/ *Barbara Whiten Balliette*
                Barbara Whiten Balliette