IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE COMPANY;
and VEIGEL FARM PARTNERS,

   Plaintiffs,

v.                No. 1:14-cv-01112-JCH-KK

AG ACCEPTANCE CORPORATION,

   Defendant.

RESPONSE TO MOTION TO TRANSFER VENUE [DOC. 9]

   Plaintiffs, by and through their counsel, Keleher & McLeod, P.A. (Jeffrey Dahl and Justin Breen), hereby provide their Response To Motion To Transfer Venue ("Motion") [Doc. 9]:

Background

   1.  Plaintiffs filed their Petition For Accounting, Claim For Unjust Enrichment, Imposition Of Constructive Trust, And Request For Declaratory Relief ("Petition") on November 14, 2014 in New Mexico's Tenth Judicial District Court, County of Quay.

   2.  Ag Acceptance Corporation ("Defendant") removed the Petition to Federal Court on December 8, 2014.

   3.  The Petition, in addition to requesting an accounting and other relief, concerns the validity of liens on approximately 8,320 acres of New Mexico land.

   4.  The Injunction (as defined in the Motion at page 1) only prohibits filings in federal court and does not prohibit any filings in state court. The Petition was properly filed in

New Mexico state court because it concerns mortgages on real property located in Quay County and Guadalupe County. [Petition, ¶¶ 1, 2, 9, 21-23, and 63-67.] Regardless, the matters presented in the Petition could not have been previously addressed during the proceedings in which the Injunction was issued. The transaction concerned in the Petition occurred on or around November 15, 2012 [Petition, ¶¶ 32-35], although Plaintiffs did not confirm the transactions until January 29, 2013. The Injunction was issued on December 21, 2012; but the parties' briefing related to the request for injunction was completed on November 1, 2012, *before the transaction*.

5. Plaintiffs sent a letter to Judge Robinson of the Northern District of Texas, Amarillo Division, on December 11, 2014 advising her of the Petition and Defendant's removal of it to this Court. [See Doc. 180-1, Case 2:08-cv-00194-J, attached hereto as **Exhibit A**[1].]

6. To comply with the Injunction, Plaintiffs requested permission to submit certain filings to this Court.

7. On December 15, 2014, Judge Robinson responded and granted permission to submit this response. [See Doc. 180, Case 2:08-cv-00194-J, attached hereto as **Exhibit B**.]

8. The Petition concerns, among other things, mortgages filed in Quay County and Guadalupe County and jurisdiction is proper in Quay County and, only as a result of the Defendant's removal on diversity grounds, in New Mexico Federal Court. [See Exhibits A and B to Petition.]

---

[1] Exhibit A is being attached hereto without the enclosures listed on page 3 of the letter.

Argument

In Count IV of the Petition, Plaintiffs request declaratory relief concerning the validity of Defendant's liens on real property located in Quay County and Guadalupe County, New Mexico ("New Mexico Property"). [Petition, ¶¶ 63-67.] Plaintiffs requested a ruling from the Tenth Judicial District Court that Defendant's liens on the New Mexico Property are improper and should be released. The Motion should be denied because the Northern District of Texas, Amarillo Division, does not have subject matter jurisdiction over New Mexico land. Nor would that court be the proper venue for the resolution of disputed interests in New Mexico land.

The Motion is based on 28 USCS § 1404 [Motion, page 1]. That statute provides in pertinent part that: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it *might have been brought* . . ." (emphasis added). "To fulfill the requirement that the transferee district be one where the action 'might have been brought,' it must be demonstrated both that personal jurisdiction over the defendant originally could have been obtained and that venue would have been proper in that district." *Cooper v. Valley Line Co*., 320 F. Supp. 483, 483 (W.D. Pa. 1970).

Plaintiffs not only had the right to sue in Quay County, but under New Mexico law they were required to do so. New Mexico law requires that actions related to real property be commenced in the county/district wherein the property is located. NMSA 1978, § 38-3-1(D)(1) ("When lands or any interest in lands are the object of any suit in whole or in part, the suit shall be brought in the county where the land or any portion of the land is situate . . . .") Plaintiffs could not properly have brought an action in the Northern District of Amarillo to adjudicate interests in New Mexico land because a Texas federal court has no jurisdiction over New Mexico

land. *See Sherrill v. McShan,* 356 F.2d 607, 610 (9th Cir. Ariz. 1966). (". . . Federal court sitting in a diversity case operates as an adjunct to the state court.").

In *Sherrill*, the appellants challenged a judgment dismissing a quiet title action brought against citizens of California. The judgment was based on a lack of jurisdiction over the land. The United States District Court for the District of Arizona - after analyzing the location of the boundary line between the two states - ruled that the land in question was located in California, thereby depriving the District Court of Arizona of subject matter jurisdiction over the case. The Ninth Circuit Court of Appeals affirmed. *Id. at* 610. Although there is no question concerning state boundaries in this case, the rational used in *Sherrill* is applicable here and a Texas Federal Court has no jurisdiction over the lands concerned.

Additionally, venue would not be proper in the Northern District of Texas, Amarillo Division, by operation of the federal venue statute at 28 USCS § 1391(b) which provides in part:

> ---
> (b) Venue in general. A civil action may be brought in--
>   ---
>    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a <u>substantial part of property that is the subject of the action is situated</u>; or . . .

All of the property concerned is situated in this Court's judicial district, not the Northern District of Amarillo.

Lastly, some of the things that a court considers in reviewing a motion to transfer venue include a plaintiff's choice of forum and the advantage of having a local court determine questions of local law. *See Price v. Takata Corp.,* 2008 U.S. Dist. LEXIS 65121, 4-5 (D.N.M. Aug. 14, 2008) (internal citations omitted). A Court gives some weight to the plaintiff's choice of forum. *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 581 (U.S. 2013)

(fn. 6); *Norwood v. Kirkpatrick*, 349 U.S. 29, 35 (U.S. 1955) (noting that ". . . unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); and *see Price v. Takata Corp.*, 2008 U.S. Dist. LEXIS 65121 (. . . a plaintiff's choice of forum is given substantial weight in analyzing a Section 1404(a) motion to transfer venue.")  Even if this matter did not concern New Mexico property, over which the state and federal courts of New Mexico have jurisdiction, it would be costly and inconvenient for Plaintiffs to engage Texas counsel with experience in New Mexico law.  Given that the matter concerns New Mexico real estate and New Mexico law, both jurisdiction and venue are appropriate in this Court.

WHEREFORE, Plaintiffs respectfully request that the Court deny the Motion.

Respectfully submitted,

KELEHER & MCLEOD, P.A.

By: /s/  Justin B. Breen
    Filed Electronically on January 14, 2015
    Jeffrey A. Dahl
    Justin B. Breen
    Post Office Box AA
    Albuquerque, New Mexico  87103
    Telephone:  (505) 346-4646
    Facsimile:  (505) 346-1370
    E-Mail:  jlr@keleher-law.com
    E-Mail:  jbb@keleher-law.com
    *Attorneys for Plaintiffs*

THIS HEREBY CERTIFIES that on January 14, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

**Lead Counsel for Ag Acceptance Corporation:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico 88102-0790
Telephone: (575) 763-4457
Facsimile: (575) 763-4450
E-Mail: R2@RowleyLawFirm.com

**Co-Counsel for Ag Acceptance Corporation:**
Barbara Whiten Balliette
Reid Collins & Tsai LLP
1301 S. Captial of Texas Hwy., C-300
Austin, Texas 78746
Telephone: (512) 647-6100
Facsimile: (512) 647-6129
E-Mail: BBalliette@RCTLegal.com

**Co-Counsel for Ag Acceptance Corporation:**
Clifford H. Walston
Walston Law Firm, PC
8713 Lanell Lane
Houston, Texas 77055
Telephone: (713) 299-0651
Facsimile: (281) 888-7737
E-Mail: Cliff@WalstonLawFirm.com

/s/ Justin B. Breen
Justin B. Breen