THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRA PARTNERS, TERRA XXI,
LTD, ROBERT WAYNE VEIGEL,
ELLA MARIE WILLIAMS VEIGEL,
VEIGEL FARMS, INC., VEIGEL
CATTLE COMPANY, AND
VEIGEL FARM PARTNERS,

        Plaintiffs,

v.

        No. Civ. 14-1112 JCH/KK

AG ACCEPTANCE CORPORATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On December 18, 2014, Defendant Ag Acceptance Corporation ("Ag Acceptance") filed a Motion to Transfer Venue (ECF No. 9), seeking the transfer of this case to the Northern District of Texas where five prior cases between the parties have been litigated. The Court, having considered the motion, briefs, pleadings, and applicable law, concludes that the motion to transfer venue should be granted.

**I.    BACKGROUND**

Between 1997 and 1999, certain of the Plaintiffs executed a series of promissory notes to AgServices of America, Inc., which assigned them to Defendant Ag Acceptance (the "Notes"). Petition ¶ 19, ECF No. 2. Members of the Veigel family signed as makers or guarantors of these loans. *See Rabo Agrifinance, Inc. v. Veigel Farm Partners*, 328 F. App'x 942 (5th Cir. May 15, 2009). To secure the Notes, Plaintiff Terra XXI executed a third lien deed of trust in favor of

Defendant on property located in Deaf Smith County, Texas (the "Texas Property"). See Petition ¶¶ 13, 20, ECF No. 2. Terra XXI also executed a third lien Real Estate Mortgage in favor of Defendant Ag Acceptance on property located in Quay and Guadalupe counties in New Mexico (the "New Mexico Property"). *See id.* ¶¶ 14, 21. Rabo Agrifiance, Inc. ("Rabo") secured a first position lien on the Texas Property and a first lien on the New Mexico Property arising from promissory notes executed in 1994. *See id.* ¶¶ 10-14. Rabo obtained a "Texas Judgment" arising from the 1994 notes on December 12, 2006, and it instituted foreclosure proceedings in Quay County to satisfy the Texas Judgment. *See id.* ¶¶ 15-18.

In August 2000, two of the Veigel entities filed for Chapter 11 bankruptcy in the Northern District of Texas, No. 00-20858-saf11 (Terra XXI), and No. 00-20877-bjh11 (Veigel Farm Partners). *See Rabo Agrifinance*, 328 F. App'x at 942. Terra XXI and VFP also filed adversary proceedings asserting multiple lender liability claims against Defendant and its affiliate in Bankruptcy Court in the Northern District of Texas, No. 01-02007-saf and No. 01-02019-saf. Bankruptcy Plans and a settlement agreement resulted from the proceedings. *See Rabo Agrifinance*, 328 F. App'x at 942-43.

In 2003, Plaintiffs defaulted on the Notes. Petition ¶ 25, ECF No. 2. Defendant Ag Acceptance purchased the Texas Property at a foreclosure sale on September 2, 2003. *Id.* ¶ 26.

Following the 2003 foreclosure and Defendant's purchase of the property, years of litigation have ensued among these and other lenders regarding the liens on the Texas and New Mexico properties. Four Texas state court lawsuits followed: (1) *Terra XXI Ltd. v. AG Acceptance Corp.*, No. 07-07-374-CV, 2009 WL 2168741, at *1-2 (Tex. App. July 21, 2009) (affirming trial court's rulings in favor of Ag Services regarding foreclosure of Texas property); (2) *Terra XXI, Ltd. v. Ag Acceptance Corp.*, 280 S.W.3d 414 (Tex. App. 2008) (ruling in favor of

2

Ag Acceptance regarding forcible detainer as to Texas property); (3) *Friemel v. Ag Acceptance Corp.*, No. CI-07C-024 (settled during trial); and (4) *Ag Acceptance Corp. v. Terra XXI, Ltd.*, No. 2008-12460 (eviction proceeding on separate parcel). The dispute spawned five federal lawsuits in the Northern District of Texas, Amarillo Division: (1) *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 257 F. App'x 732, 733, 2007 WL 4305378 (5th Cir. Dec. 7, 2007) (affirming district court's judgment for Rabo Agrifinance, Inc., as to collection of unpaid balance on two promissory notes executed by Terra XXI); (2) *Rabo Agrifinance, Inc. v. Veigel Farm Partners*, 328 F. App'x 942, 943, 2009 WL 1362826 (5th Cir. May 15, 2009) (rejecting argument that second lien debt was extinguished by bankruptcy plans/settlement agreement and that judgment upholding foreclosure based on second lien debt was void); (3) *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 350 (5th Cir. 2009) (rejecting the Veigel entities' challenges to collection of debt); (4) *Ag Acceptance Corp. v. Veigel*, 564 F.3d 695, 697 (5th Cir. 2009) (affirming declaratory judgment that creditors properly foreclosed and executed on 960 acres of land and that Veigels' attempts to transfer property were fraudulent); and (5) *Terra Partners v. Rabo Agrifinance, Inc., and Ag Acceptance Corp.*, 504 F. App'x 288 (5th Cir. 2012). In addition, there has been a New Mexico state court lawsuit, *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 2014-NMCA-106, 336 P.3d 972 (affirming judgment in favor of Rabo).

On December 21, 2012, the Fifth Circuit sanctioned Steve Veigel in the amount of $3,000, and issued an injunction against him to prevent the filing of future frivolous litigation collaterally attacking the court's judgments. *See Terra Partners*, 504 F. App'x at 290-91. The Fifth Circuit noted that the future litigation he threatened "would be repetitive, vexatious, previously resolved, and meritless." *Id.* at 291. It therefore ordered the following:

> No pleading, lawsuit, or other document in any federal court shall be filed by, or on behalf of, Steve Veigel, his affiliates or related entities, including Terra

3

>Partners, without first presenting the filing to the district court below to determine whether the issues contained in the filing have been previously decided.

*Id.*

On November 14, 2014, Plaintiffs Terra Partners, Terra XXI, LTD, Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners filed against Defendant Ag Acceptance in the Tenth Judicial District, in the State of New Mexico, a "Petition for Accounting, Claim for Unjust Enrichment, Imposition of Constructive Trust, and Request for Declaratory Relief." *See* Petition, ECF No. 2 at 2 of 31. Defendant removed the case to this Court based on diversity jurisdiction: Plaintiffs are all citizens of Texas and Defendant is a citizen of Delaware and Iowa, and the amount in controversy exceeds $75,000. *See* Notice of Removal ¶¶ 5-6, ECF No. 1; Petition, ECF No. 2 at 2-3 of 31.

In the Petition, Plaintiffs allege that effective November 15, 2012, Ag Acceptance and Rabo executed a Special Warranty Deed to Champion Feeders, LLC ("Champion") conveying all of the Texas Property. Petition ¶ 32, ECF No. 2. Plaintiffs assert that Ag Acceptance received at least $6,154,660 from Champion for the sale of the Texas Property, enough to satisfy the Texas Judgment and any balance due on the Notes secured by Ag Acceptance's mortgage on the New Mexico Property, yet Ag Acceptance's mortgage and any related judgment liens on the New Mexico Property have not been released and Ag Acceptance has failed to apply any of the proceeds to the Texas Judgment and the Notes. *See id.* ¶¶ 35-38. Plaintiffs request the Court to order Defendant to provide an accounting concerning the handling of proceeds from the sale to Champion as well as other funds, enter a judgment in the amount of sums unjustly retained by Defendant as a result of the sale to Champion and the retention of other funds, enter a judgment imposing a constructive trust as to those funds, and enter a judgment declaring that the Notes

have been satisfied in full and that the continuing liens on the New Mexico property are improper and should be released. *Id.*, ECF No. 2 at 11 of 31.

To comply with the Fifth Circuit's injunction, on December 11, 2014, Plaintiffs sent a letter to the Honorable Mary Lou Robinson of the Northern District of Texas, Amarillo Division (the "Amarillo court"), advising her of the Petition and the removal, and seeking permission to submit documents in this Court. *See* Pls.' Resp., Ex. A, ECF No. 20-1. On December 15, 2014, Judge Robinson entered an order stating that the Court did not object to the Plaintiffs filing pleadings or other documents in this Court "that are directed solely to the issues of removal of the New Mexico state court suit and/or transfer of that suit to this Court." Order 2, ECF No. 20-2 (entered in *Terra Partners v. Rabo Agrifinance, Inc.*, 2:08-cv-194J (N.D. Tex)). Judge Robinson, however, stated: "This Court has not concluded that the matters raised in the New Mexico litigation are not a collateral attack on this Court's judgments." *Id.*

On December 18, 2014, Defendant filed the motion to transfer venue based on convenience, noting that, because of the Fifth Circuit's injunction, the Amarillo court must review all of Plaintiffs' filings before they can file them in this Court. *See* Def.'s Mot. 4-5, ECF No. 9. Plaintiff oppose the motion, arguing that the Amarillo court does not have subject matter jurisdiction over New Mexico land and that venue there would be improper. *See* Pls.' Resp. 3, ECF No. 20.

## II.   STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). A district court enjoys greater discretion to transfer a case under § 1404(a) than to dismiss the action based upon *forum non conveniens*. *Chrysler Credit*

*Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A court should decide motions to transfer on an individualized, case-by-case basis. *Id.* at 1516. "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Id.* at 1515. In considering a motion to transfer, the court should consider the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). Unless the balance of interests "is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt*, 956 F.2d at 965 (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

### III. ANALYSIS

#### A. This case might have been brought in the Amarillo court

In order for the court in the transferee district to be one in which the case may have been brought, the transferee court must have subject matter jurisdiction, must have personal jurisdiction over the parties, and venue must be proper. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (noting that where action might have been brought depends on whether transferee court

has proper venue and personal jurisdiction over parties); *Chrysler Credit Corp.*, 928 F.2d at 1515 ("But § 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there."); *Packer v. Kaiser Foundation Health Plan of Mid-Atlantic States, Inc.*, 728 F.Supp. 8, 11 & n.2 (D.D.C. 1989) (noting that where case "might have been brought" requires venue, personal jurisdiction, and subject matter jurisdiction).

Federal subject matter jurisdiction exists in this case based on diversity jurisdiction, and there is no dispute that there is complete diversity of the parties and the amount in controversy is greater than $75,000. Plaintiffs nonetheless argue that the Amarillo court lacks subject matter jurisdiction because this is an action related to real property located in New Mexico. To support their argument, Plaintiffs rely on the case of *Sherrill v. McShan*, 356 F.2d 607 (9th Cir. 1966), superseded by statute on other grounds as stated in *United States v. Byrne*, 291 F.3d 1056, 1060 n.3 (9th Cir. 2002), in which the Ninth Circuit noted that only a court in which the land is located has subject matter over a quiet title action, *id.* at 610. Plaintiffs' argument appears to be based on the "local action" doctrine.

"Under the local action doctrine, courts may not exercise jurisdiction over any 'local' action involving real property unless the property at issue is found within the territorial boundaries of the state where the court is sitting." *Bigio v. Coca-Cola Co.*, 239 F.3d 440, 449-50 (2d Cir. 2000). *See also* Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3822 (4th ed. 2015) (similarly defining "local action"). Transitory actions are those cases that are not local. Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3822. "[T]he true distinction between a local action and a transitory action is the distinction between an action *in rem* and one *in personam*." *Ely v. Smith*, 764 F.Supp. 1413, 1415 (D. Kan. 1991) (citing *Raphael J. Musicus, Inc. v. Safeway Stores, Inc.*,

743 F.2d 503, 506 (7th Cir. 1984)). As the *Ely* court explained:

> If a plaintiff seeks relief as to the property which requires the court to have jurisdiction over the *res* to grant the relief, then the action is *in rem* and local. However, in a transitory action, the plaintiff seeks relief in the form of a personal judgment against the defendant; thus, the action may be brought before any court having subject matter jurisdiction and *in personam* jurisdiction over the defendant.

*Id.* (citing *Musicus*, 743 F.2d at 506-07).

This Court, however, need not determine whether this case presents a "local action," precluding jurisdiction or venue in the Amarillo court, because in 2011, Congress amended the venue statute to include the following provision: "the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature." 28 U.S.C. § 1391(a)(2). Is so doing, "Congress abolished the local action doctrine in federal court." Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3822 (4th ed. 2015). Instead, this Court need only look to the language of the venue statute.[1] Under the venue provisions, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Here, Plaintiffs' dispute arises from whether Defendant properly handled

---

[1] Even if the Court were to consider the local action doctrine, it is not convinced that all the claims in this case are "local" rather than "transitory." *Cf. Ely*, 764 F.Supp. at 1415-16 ("Essentially, then, plaintiff seeks to set aside the conveyance of the Oklahoma land on the grounds of bad faith conduct by the defendants sufficient to void the conveyance. The court finds this action analogous to actions seeking to set aside conveyances of land based on fraud, which have generally been held to be transitory, even when the ultimate disposition of the case affected real property in some manner."). For example, Plaintiffs seek, among other things, the amount of sums unjustly retained by Defendant, relief that is against Defendant itself and does not require dominion over the property. Even if one of the claims in this case could be deemed a "local action," if any other claim in the suit is an *in personam* action that could be heard in the transferee court, the Supreme Court has held that the entire suit may be transferred. *Cf. Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 24-27 (1960) (holding that § 1404(a) permits transfer of *in rem* claims along with *in personam* claims to more convenient district, even though *in rem* claim standing alone could not have been brought in transferee district).

the proceeds from the sale of the Texas Property to Champion and whether Defendant should have applied those proceeds to satisfy Plaintiffs' obligations arising from the Texas Judgment and the Notes. A substantial part of the events or omissions thus occurred in the Northern District of Texas and venue is proper there.

For all the foregoing reasons, the Court concludes that this case could have been brought in the Amarillo court. The Court will next examine whether the convenience favors transfer to that district.

### B.     The balance of interests weighs strongly in favor of transfer

Although the plaintiff's choice of forum should rarely be disturbed, courts should give less deference to the plaintiff's choice of forum when the plaintiff does not reside in the district. *Employers Mut. Cas. Co.*, 618 F.3d at 1167-68. Here, Plaintiffs all reside in Texas, so the choice of forum should be given less deference, especially in this case where there is reason to believe Plaintiffs may be forum shopping to avoid the Fifth Circuit's injunction.

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Id.* at 1169 (quotations omitted). The availability and convenience of key witnesses with material testimony may outweigh the convenience to numerous, but less important witnesses. *See id*. In this case, the events controlling this action occurred in Texas, where the Plaintiffs reside. The convenience for many of the witnesses therefore weighs in favor of transfer.

Finally, considerations of judicial economy weigh strongly in favor of the case being heard in the Amarillo court. The Fifth Circuit has imposed an injunction precluding Plaintiffs from filing any document in federal court without the approval of the Amarillo court. Transferring the case to that Court will conserve considerable judicial resources, as keeping the

case will require two courts to review every document filed by Plaintiffs. Transfer will also expedite the resolution of the case, as it will reduce the delay involved in both courts reviewing Plaintiffs' documents. Moreover, the reason for the injunction is that the Amarillo court is familiar with the extensive litigation history of the parties and could more efficiently rule on the merits of any new cases or documents filed by Plaintiffs. The Amarillo court will be able to more efficiently rule on issues of *res judicata* and collateral estoppel that will surely arise.

## V. CONCLUSION

Having considered all the relevant factors under 28 U.S.C. § 1404(a), the Court finds that this case could have been brought in the Amarillo court and that the balance of factors weighs in favor of transfer.

**IT IS THEREFORE ORDERED** that Defendant AG Acceptance Corporation's Motion to Transfer Venue (ECF No. 9) is **GRANTED**. The Clerk of the Court is ordered to transfer this case to the United States District Court for the Northern District of Texas, Amarillo Division.

_____
UNITED STATES DISTRICT JUDGE